IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDY GAMEL-MEDLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-17-830-HE |
| ) | |
| JONITA PAULS a/k/a JONITA JACKS, ) | |
| JOEL PAULS, ) | |
| RENITA PAULS, ) | |
| MERADITH NORRIS, ) | |
| RICK EDSALL, ) | |
| KENNY MEIER, ) | |
| PATSY MEIER, ) | |
| TONY ALMAGUER, individually and his ) | |
|   capacity as Sheriff of Blaine County, ) | |
| DAVID ROBERTSON, individually and his ) | |
|   capacity as Undersheriff of Blaine County, ) | |
| ) | |
| Defendants. ) | |

_____

## DEFENDANTS ALMAGUER AND ROBERTSON'S
## MOTION TO DISMISS AND BRIEF IN SUPPORT

_____

Jamison C. Whitson, OBA No. 18490
COLLINS, ZORN & WAGNER, P.C.
429 N.E. 50th, Second Floor
Oklahoma City, OK  73105
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
Email: jcw@czwlaw.com

ATTORNEY FOR DEFENDANTS
TONY         ALMAGUER AND
DAVID ROBERTSON

August 24, 2017

# TABLE OF CONTENTS

**PAGE**

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

TABLE OF AUTHORITY  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii - v

LIST OF EXHIBITS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  vi

STANDARD OF REVIEW  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

PROPOSITION I:    Defendant Robertson Does Not Have an
                  "Official Capacity" Under Oklahoma Law  . . . . . . . . . . . . . . . . . . . 4

PROPOSITION II:   Plaintiff Has Failed to State a Plausible
                  42 U.S.C. § 1983 Equal Protection Claim
                  Against the Defendants  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

PROPOSITION III:  Plaintiff Has Failed to State a Plausible
                  42 U.S.C. § 1985(1) Claim Against
                  the Defendants  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

PROPOSITION IV:   Plaintiff Has Failed to State a Plausible
                  42 U.S.C. § 1985(3) Claim Against
                  the Defendants  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

PROPOSITION V:    Plaintiff Has Failed to State a Plausible
                  State Law Claim for Civil Conspiracy
                  Against the Defendants  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

PROPOSITION VI:   Defendants are Entitled to Qualified Immunity
                  With Regard to Plaintiff's Federal Claims  . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITY

**PAGE**

## CASES

*Adkins v. Rodriguez*, 59 F.3d 1034 (10th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Alvarado v. KOB-TV*, 493 F.3d 1210 (10th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Anspach v. Philadelphia Department of Public Health*,
503 F.3d 256 (3d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Beedle v. Wilson*, 422 F.3d 1059 (10th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955,
167 L.Ed.2d 929 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-4

*Bisbee v. Bey*, 39 F.3d 1096 (10th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Brock v. Thompson*, 948 P.2d 279 (Okla. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Brousseau v. Haugen*, 125 S. Ct. 596, 160 L. Ed. 2d 583 (2004) . . . . . . . . . . . . . . . . 16

*Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188 (10th Cir. 2009) . . . . . . 3

*City of St. Louis v. Praprotnik*, 485 U.S. 112, 108 S. Ct. 915,
99 L. Ed. 2d 107 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Conley v. Gibson*, 355 U.S. 41 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*DeSantis v. Pac. Tel. & Tel. Co., Inc*. 608 F.2d 327 (9 Cir. 1979) . . . . . . . . . . . . . . . . 11

*DeShaney v. Winnebago*, 489 U.S. 189, 109 S. Ct. 998,
103 L. Ed. 2d 249 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Doe v. Green*, 593 F. Supp. 2d 523 (W.D.N.Y. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Doe v. Mayor and City Council of Pocomoke City*,
745 F. Supp. 1137 (D.Md.1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Fernandez v. Mora-San Miguel Elec. Co-op., Inc.*,
462 F.3d 1244 (10th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Fulson v. City of Columbus*, 801 F. Supp. 1, 6 (S.D. Ohio 1992) . . . . . . . . . . . . . . . . . 6

*Gallegos v. Jicarilla Apache Nation*, 97 Fed.Appx. 806 (10th Cir. 2003) . . . . . . . . . . 9

*Green v. Seymour*, 59 F.3d 1073 (10th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . 12, 15

*Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790,
 29 L.Ed.2d 338 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Gros v. City of Grand Prairie, Tex.*, 181 F. 3d 613 (5th Cir. 1999) . . . . . . . . . . . . . . . 4

*Hall v. Witteman*, 584 F.3d 859 (10th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Hunter v. Bryant*, 502 U.S. 224, 112 S.Ct 532, 116 .Ed. 2d 589 (1991) . . . . . . . . . . . 16

*Jemaneh v. University of Wyoming*, 82 F. Supp. 3d 1281 (D. Colo. 2015) . . . . . . . . . . 7

*Jett v. Dallas Independent School District*, 491 U.S. 701,
109 S. Ct. 2702, 105 L. Ed. 2d 598 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210 (10th Cir. 2011) . . . . . . . . . . . . 8

*Kentucky v. Graham*, 473 U.S. 159, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) . . . . . . . 4

*League of United Latin American Citizens v. Bredesen,*
500 F.3d 523 (6th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Maxey v. Banks*, 26 F. App'x 805 (10th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Mick v. Brewer*, 76 F.3d 1127 (10th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Mitchell v. Forsyth*, 472 U.S.  511, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985) . . . . 15, 16

*Monell v. New York City Dept. of Social Services*,
436 U.S. 658,  98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Murray v. City of Sapulpa*, 45 F.3d 1417 (10th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . 9

*Murray v. Oklahoma*, CIV-07-1404-C, 2008 WL 740338, at *6-7
(W.D. Okla. March 17, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Murrell v. Sch. Dist. No. 1*, 186 F.3d 1238 (10th Cir. 1999) . . . . . . . . . . . . . . . . . .  15

*Nichols v. Azteca Rest. Enterprises, Inc.*, 256 F.3d 864 (9th Cir. 2001) . . . . . . . . . . . 11

*Pellegrino v. State ex rel. Cameron University*, 63 P.3d 535 (Okla. 2003) . . . . . . . . . 14

*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174 (10th Cir. 2007) . . . . . . . . . . . 3

*Sattler v. Johnson,* 857 F.2d 224 (4th Cir.1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Saucier v. Katz*, 533 U.S. 194, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001) . . . . . . . . .  16

*Segreto v. Kirschner*, 977 F. Supp. 553 (D. Conn. 1997) . . . . . . . . . . . . . . . . . . . . . . . . 11

*Shophar v. Bureau of Alcohol*, 16-4034-SAC-KGS,
2016 WL 3951748, at *3 (D. Kan. July 22, 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991) . . . . . . . . . . . 16

*Snell v. Tunnell*, 920 F.2d 673 (10 Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Speight v. Presley*, 203 P.3d 173 (Okla. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Tilton v. Richardson*, 6 F.3d 683 (10th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . .   9, 10

*Ton Services, Inc. v. Qwest Corporation*, 493 F.3d 1225 (10th Cir. 2007) . . . . . . . . . . . 2

*Tonkovich v. Kansas Board of Regents*, 159 F.3d 504 (10th Cir. 1998) . . . . . . . . . 12, 15

*United Bhd. of Carpenters & Joiners of America, Local 610,*
*AFL–CIO v. Scott,* 463 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983) . . . . . . . . . 10

*Walker v. Schmoke*, 962 F. Supp. 732 (D. Md.1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Ward v. St. Anthony Hosp.,* 476 F.2d 671 (10th Cir.1973) . . . . . . . . . . . . . . . . . . . . . . . 9

*Was v. Young*, 796 F. Supp. 1041 (E. D. Mich. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Watson v. City of Kansas City, Kan.*, 857 F.2d 690 (10th Cir. 1988) . . . . . . . . . . . . . . . 7

## STATUTES

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8, 15-17

42 U.S.C. § 1985 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 15-17

42 U.S.C. § 1985(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

42 U.S.C. § 1985(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10, 12

Okla. Stat. tit. 19, § 131 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Okla. Stat. tit. 19, § 547 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Okla. Stat. tit. 51, § 151, *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Okla. Stat. tit. 51, § 152.1(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Okla. Stat. tit. 51, § 152(7) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Okla. Stat. tit. 51, § 163(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## RULES

Rule 12(b)(6) of the Federal Rules of Civil Procedure . . . . . . . . 1, 2, 3, 5, 8, 9, 12, 15, 17

Fed. R. Civ. P. 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. R. Civ. P. 8(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## <u>LIST OF EXHIBITS</u>

Exhibit 1     *Shophar v. Bureau of Alcohol*, 16-4034-SAC-KGS, 2016 WL 3951748, at *3 (D. Kan. July 22, 2016). (unpub)

Exhibit 2     *Maxey v. Banks*, 26 F. App'x 805, 808 (10th Cir. 2001) (unpub)

Exhibit 3     *Gallegos v. Jicarilla Apache Nation*, 97 Fed.Appx. 806, 811-812 (10th Cir. 2003) (unpub)

Exhibit 4     *Murray v. Oklahoma*, CIV-07-1404-C, 2008 WL 740338, at *6-7 (W.D. Okla. March 17, 2008) (unpub)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RANDY GAMEL-MEDLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-830-HE |
| | ) | |
| JONITA PAULS a/k/a JONITA JACKS, | ) | |
| JOEL PAULS, | ) | |
| RENITA PAULS, | ) | |
| MERADITH NORRIS, | ) | |
| RICK EDSALL, | ) | |
| KENNY MEIER, | ) | |
| PATSY MEIER, | ) | |
| TONY ALMAGUER, individually and his | ) | |
| capacity as Sheriff of Blaine County, | ) | |
| DAVID ROBERTSON, individually and his | ) | |
| capacity as Undersheriff of Blaine County, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS ALMAGUER AND ROBERTSON'S
## MOTION TO DISMISS AND BRIEF IN SUPPORT

Defendants Tony Almaguer, individually and in his official capacity as Sheriff of

Blaine County, and David Robertson, individually and in his official capacity as

Undersheriff of Blaine County, ("Defendants'), submit this Motion to Dismiss all claims

against them set forth in the Plaintiff's Amended Complaint [Dkt. 3], pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which

relief can be granted.

## BRIEF IN SUPPORT

## STANDARD OF REVIEW

In considering a 12(b)(6) motion, the truth of a plaintiff's *well-pled* factual allegations must be viewed in the light most favorable to the plaintiff. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005). In this regard, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). Furthermore, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1965. The complaint must possess enough heft to "show that the pleader is entitled to relief." *Id*. at 1966. It is the plaintiff's duty to furnish factual "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. *Id*.

The court need not credit bald assertions or legal conclusions. *Anspach v. Philadelphia Department of Public Health*, 503 F.3d 256, 260 (3d Cir. 2007) (citation omitted). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id*. (citation omitted). A "[p]laintiff's obligation to provide the 'grounds' of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly* 127 S.Ct. at 1964-65).

The rule in *Twombly* has been applied by the Tenth Circuit. *See Ton Services, Inc. v. Qwest Corporation*, 493 F.3d 1225, 1236 (10th Cir. 2007) (noting that *Twombly*

"articulated a new 'plausibility' standard under which a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'"); *Alvarado v. KOB-TV*, 493 F.3d 1210, 1215 (10th Cir. 2007) (similarly recognizing the plausibility standard); *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (noting *Twombly's* observation that the previous standard of evaluating motions to dismiss in federal court "has earned its retirement").

"The Court must ask whether there is plausibility in the complaint when addressing the issue of sufficient factual pleadings to overcome a FRCP 12(b)(6) Motion to Dismiss." *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009), *citing Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). The *Hall* Court also found that the complaint does not need detailed factual allegations, but the factual allegations must be enough to raise a right to relief above the speculative level. *Id.* The Court further held that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hall* at 863, *citing Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In *Iqbal*, the Court stressed that it is not enough for the plaintiff to plead facts "merely consistent" with the defendant's liability, and that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal* at 1949.

A plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Twombly*, 550 U.S. at 570). Where the complaint pleads only facts that do not permit the court to infer more

3

than the mere possibility of misconduct, such complaint has not shown that the plaintiff is entitled to relief.  *Id*. at 1950.  *See also* Fed. R. Civ. P. 8(a)(2).  Also, where a complaint contains no more than mere legal conclusions, such conclusions are not entitled to a presumption of truth. *Iqbal* at 1949-50.  Rather, a plaintiff must allege enough factual matter that, taken as true, suggest the legal conclusion plaintiff asserts.  *Id.* at 1950 (citing *Twombly*, 550 U.S. at 570 (because the well-pleaded fact of conduct, accepted as true, did not plausibly suggest an unlawful agreement, the complaint must be dismissed)).  While the pleading standard of Fed. R. Civ. P. 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949.

**PROPOSITION I:**

**Defendant Robertson Does Not Have an
"Official Capacity" Under Oklahoma Law**

Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n. 55, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *see also Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985).  However, for such to occur, **the officer must have "'final policymaking authority.'"** *Gros v. City of Grand Prairie, Tex.*, 181 F. 3d 613, 615 (5th Cir. 1999) (quoting *Jett v. Dallas Independent School District*, 491 U.S. 701, 737, 109 S. Ct. 2702, 105 L. Ed. 2d 598 (1989)) (emphasis added).  In determining whether the officer has such authority, the Supreme Court has held that "[S]tate law...will *always* direct a court to some official or

4

body that has the responsibility for making law or setting policy in any given area of a local government's business." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 125, 108 S. Ct. 915, 99 L. Ed. 2d 107 (1988),

Here, Plaintiff expressly alleges that the Defendant Sheriff "is the decision maker and policymaker regarding law enforcement in Blaine County…" (Dkt. 3, ¶ 22). Plaintiff's allegations are, in this regard, consistent with Oklahoma law, which provides that the Defendant Sheriff is an independently elected official, and is responsible for the official acts of his undersheriff and deputy sheriffs. *See* Okla. Stat. tit. 19, §§ 131 and 547. Because Defendant Robertson has no final policymaking authority under Oklahoma law, he does not have an "official capacity" with regard to Plaintiff's 42 U.S.C. §§ 1983 and 1985 claims. Accordingly, Plaintiff has failed to state a § 1983 or § 1985 claim against Defendant Robertson in his official capacity which is plausible on its face and said claims against him should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## PROPOSITION II:

### Plaintiff Has Failed to State a Plausible
### 42 U.S.C. § 1983 Equal Protection Claim Against the Defendants

Plaintiff has failed to state § 1983 equal protection claim against the Defendants which is plausible on its face. In that regard, the only non-conclusory factual allegations against the Defendants set forth in the Amended Complaint, is that they refused to take police reports from the Plaintiff regarding the alleged actions of the other named defendants and that they declined to conduct criminal investigations of those alleged

actions. (*See* Dkt. 3, ¶¶ 9, 12, 15-17).  However, Plaintiff simply has no constitutionally protected right to file a police report or to have the police conduct a criminal investigation. *See Shophar v. Bureau of Alcohol*, 16-4034-SAC-KGS, 2016 WL 3951748, at *3 (D. Kan. July 22, 2016). (unpub).[1]  This is because "the Constitution is a charter of negative liberties; it tells the state to let people alone; it does not require the federal government or the state to provide services, even so elementary as maintaining law and order."  *Was v. Young*, 796 F. Supp. 1041, 1045 (E. D. Mich. 1992) (citing *DeShaney v. Winnebago*, 489 U.S. 189, 195-197, 109 S. Ct. 998, 1003-1004, 103 L. Ed. 2d 249 (1989)).

The law is clear that there is no "constitutional, statutory, or common law right that a private citizen has to require a public official to investigate or prosecute a crime". *Doe v. Mayor and City Council of Pocomoke City*, 745 F. Supp. 1137, 1138 (D.Md.1990).  Such "discretionary public duties... are enforced by public opinion, policy, and the ballot," not litigation against individual officers and their civic employers. *Id. See also Sattler v. Johnson,* 857 F.2d 224, 226 (4th Cir.1988) (individual did not have a constitutional right under the equal protection clause to be presented with information to enable a civil suit or to have a crime prosecuted); *Walker v. Schmoke*, 962 F. Supp. 732, 733 (D. Md.1997) ("[N]o federal appellate court, including the Supreme Court... has recognized that there is a federally enforceable right for the victim to have criminal charges investigated at all, let alone with vigor or competence."); *Fulson v. City of Columbus*, 801 F. Supp. 1, 6 (S.D. Ohio 1992) ("A public official charged with the duty

---

[1] A copy of this unpublished opinion is attached as Exhibit 1.

to investigate or prosecute a crime does not owe that duty to any one member of the public, and thus no one member of the public has a right to compel a public official to act.").

This doctrine is the logical consequence of the Supreme Court's ruling in *DeShaney*, 489 U.S. at 195, holding that "nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors."

"Although there is no general constitutional right to police protection, the state may not discriminate in providing such protection." *Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 694 (10th Cir. 1988).  In order to state such an equal protection claim, Plaintiff must allege the Defendants' alleged refusal to allow him to file police reports and alleged refusal to conduct criminal investigations was primarily motivated by racial or other class-based discriminatory intent. *See Maxey v. Banks*, 26 F. App'x 805, 808 (10th Cir. 2001) (unpub)[2]; *Jemaneh v. University of Wyoming*, 82 F. Supp. 3d 1281 1281, 1299 (D. Colo. 2015) (plaintiff must plead that "defendant's actions has a discriminatory effect and were motivated by a discriminatory purpose." (citation and internal quotation marks omitted)).  However, Plaintiff's Amended Complaint is entirely devoid of any factual allegations indicating that the Defendants alleged acts or omissions were motivated by any racial or other class-based discriminatory intent.  Nor are there any factual allegations in the Amended Complaint which would give rise to any reasonable inference of any such discriminatory intent on the part of the Defendants.

---

[2] A copy of this unpublished opinion is attached as Exhibit 2.

Moreover, Plaintiff has failed to allege sufficient facts to state an equal protection claim under a "class-of-one" theory.  To prevail on this theory, a plaintiff must first establish that others, similarly situated in every material respect were treated differently. A plaintiff must then show this difference in treatment was without rational basis, that is, the government action was irrational and abusive, and wholly unrelated to any legitimate state activity. *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011).

Accordingly, Plaintiff has failed to state a 42 U.S.C. § 1983 equal protection claim against the Defendants which is plausible on its face and said claim should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### PROPOSITION III:

### Plaintiff Has Failed to State a Plausible
### 42 U.S.C. § 1985(1) Claim Against the Defendants

42 U.S.C. § 1985(1) makes it unlawful:

> If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence **under the United States**, or from discharging any duties thereof; or to induce by like means **any officer of the United States** to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties…

(emphasis added).  By its express terms, § 1985(1) only applies to federal officials or those seeking to become federal officials.  However, in his Amended Complaint, Plaintiff alleges that the Defendants conspired to force him "to relinquish his official position as

8

Town Clerk." (Dkt. 3, ¶ 27).  There is no allegation that Plaintiff was a federal official or that he sought and was prevented from accepting any federal office.  As such, § 1985(1) simply does not apply to Plaintiff's claims.  *See Gallegos v. Jicarilla Apache Nation*, 97 Fed.Appx. 806, 811-812 (10th Cir. 2003) (unpub).[3]  Accordingly, Plaintiff has failed to state a 42 U.S.C. § 1985(1) claim against the Defendants which is plausible on its face and said claim should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## PROPOSITION IV:

### Plaintiff Has Failed to State a Plausible 42 U.S.C. § 1985(3) Claim Against the Defendants

In order to succeed on a claim under 42 U.S.C. § 1985(3), a plaintiff must show: "(1) the existence of a conspiracy (2) intended to deny them equal protection under the laws or equal privileges and immunities of the laws (3) resulting in an injury or deprivation of federally-protected rights, and (4) an overt act in furtherance of the object of the conspiracy. *Murray v. City of Sapulpa*, 45 F.3d 1417, 1423 (10th Cir. 1995) (citing *Griffin v. Breckenridge,* 403 U.S. 88, 102–03, 91 S.Ct. 1790, 1798–99, 29 L.Ed.2d 338 (1971); *Ward v. St. Anthony Hosp.,* 476 F.2d 671, 676 (10th Cir.1973)).  Moreover, "§ 1985(3) does not 'apply to all tortious, conspiratorial interferences with the rights of others,' but rather, only to conspiracies motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *Tilton v. Richardson*, 6 F.3d 683, 686

---

[3] A copy of this unpublished opinion is attached as Exhibit 3.

(10th Cir. 1993) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 101-02, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971)).

"The other 'class-based animus' language of this requirement has been narrowly construed and does not, for example, reach conspiracies motivated by an economic or commercial bias.... In fact, the Supreme Court has held that 'it is a close question whether § 1985(3) was intended to reach any class-based animus other than animus against Negroes and those who championed their cause.'" *Tilton*, 6 F.3d at 686 (quoting *United Bhd. of Carpenters & Joiners of America, Local 610, AFL–CIO v. Scott,* 463 U.S. 825, 836-37, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983)).

Here, Plaintiff's Amended Complaint fails to identify the alleged class-based animus underlying his § 1985(3) claim against the Defendants.  Rather, Plaintiff merely alleges in conclusory fashion that "[t]he actions of the each off the Defendants were motivated by a common desire and part of a common plan and conspiracy to deprive Plaintiff of his common rights and protections as a citizen of the United States." (Dkt. 3, ¶ 32).  As such, Plaintiff has failed to state a § 1985(3) claim which is plausible on its face.

Despite Plaintiff's failure to identify alleged class-based animus underlying his claim, two potential bases for possible class-based animus are discernible from the Amended Complaint: possible animus based upon Plaintiff's homosexuality, and possibly racial animus against Plaintiff's alleged adopted African-American son.  However, to the extent that Plaintiff may contend that the Defendants were motivated by class-based animus against homosexuals, he has failed to state a plausible § 1985(3) claim against the

10

Defendants because sexual orientation is not a protected classification within the meaning of 42 U.S.C. § 1985(3). *See Murray v. Oklahoma*, CIV-07-1404-C, 2008 WL 740338, at *6-7 (W.D. Okla. March 17, 2008) (unpub)[4]; *DeSantis v. Pac. Tel. & Tel. Co., Inc.* 608 F.2d 327, 332-33 (9 Cir. 1979) (abrogated on other grounds by *Nichols v. Azteca Rest. Enterprises, Inc.*, 256 F.3d 864, 874-75 (9th Cir. 2001)); *Segreto v. Kirschner*, 977 F. Supp. 553, 564-65 (D. Conn. 1997); *Doe v. Green*, 593 F. Supp. 2d 523, 539-40 (W.D.N.Y. 2009).

Furthermore, Plaintiff has failed to allege sufficient facts to state a § 1985(3) claim against the Defendants which is plausible on its face or which rises above a speculative level.  In that regard, the Amended Complaint is entirely devoid of any factual allegations indicating that the Defendants were motivated by any animus against him as a homosexual or by any racial animus against his adopted son.  Nor are there any factual allegations in the Amended Complaint which would give rise to any reasonable inference of any such animus on the part of the Defendants.

Moreover, the Amended Complaint is entirely devoid of any specific, non-conclusory factual allegations indicating that these Defendants conspired with the other named defendants to deny him equal protection under the laws or equal privileges and immunities of the laws.  To prevail on a claim of conspiracy, a plaintiff must demonstrate "a single plan, the essential and general scope of which was known to each person who is to be held responsible for its consequences." *Fernandez v. Mora-San Miguel Elec. Co-op., Inc.*, 462 F.3d 1244, 1252 (10th Cir. 2006) (quoting *Snell v. Tunnell*, 920 F.2d 673,

---

[4] A copy of this unpublished opinion is attached as Exhibit 4.

702 (10 Cir. 1990)).  Additionally, a claim of conspiracy requires more than conclusory allegations; in order to state a claim for conspiracy, "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants." *Tonkovich v. Kansas Board of Regents*, 159 F.3d 504, 533 (10th Cir. 1998); *see also Green v. Seymour*, 59 F.3d 1073, 1077 (10th Cir. 1995) (complaint alleging conspiracy was properly dismissed where plaintiff failed to set forth any specific allegations of fact supporting his claim).  Here, the Amended Complaint is wholly devoid of any specific allegation of fact supporting a claim for conspiracy against the Defendants.  Rather, Plaintiffs merely allege in conclusory fashion that "Defendants were motivated by a common desire and part of a common plan and conspiracy to deprive Plaintiff of his common rights and protections as a citizen of the United States." (Dkt. 3, ¶ 32). Plaintiff's conclusory allegations are insufficient to support a claim of conspiracy against the Defendants.

Accordingly, Plaintiff has failed to state a 42 U.S.C. § 1985(3) claim against the Defendants which is plausible on its face and said claim should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## PROPOSITION V:

### Plaintiff Has Failed to State a Plausible State Law Claim for Civil Conspiracy Against the Defendants

Plaintiff alleges that the Defendants conspired with the other named defendants to commit an assault and battery on the Plaintiff; to damage and destroy the Plaintiff's property; and to inflict extreme and intentional emotional distress on the Plaintiff. (Dkt.

3, ¶ 36).  However, Plaintiff has failed to allege a state law claim for civil conspiracy against the Defendants which is plausible on its face or which rises above a speculative level.

The Amended Complaint fails to state whether the Defendants are alleged to have been acting within the scope of their employment with regard to the alleged violations. However, to the extent that Plaintiff may allege that they were acting within the scope of their employment, the Defendants are not proper parties to Plaintiff's state law civil conspiracy claim and are immune from suit therefore under the terms of the Oklahoma Governmental Tort Claims Act ("OGTCA"), Okla. Stat. tit. 51, § 151, *et seq.*  In that regard, Okla. Stat. tit. 51, § 152.1(A) of the OGTCA provides that employees of the state and its political subdivisions acting within the scope of their employment "shall be immune from liability for torts."   Furthermore, Okla. Stat. tit. 51, § 163(C) of the OGTCA provides, in pertinent part:

> Suits instituted pursuant to the provisions of this act shall name as defendant the state or the political subdivision against which liability is sought to be established. **In no instance shall an employee of the state or political subdivision acting within the scope of his employment be named as defendant**...

(Emphasis added).[5]

Regardless, Plaintiff's claims against the Defendants in their official capacities are improper under Oklahoma tort law and the Defendants are necessarily immune from suit under the OGTCA in such capacities.  "Suit against a government officer in his or her

---

[5] The Defendants are employees of a political subdivision under the terms of the OGTCA. *See* Okla. Stat. tit. 51, § 152(7).

official capacity is actually a suit against the entity that the officer represents and is an attempt to impose liability upon the governmental entity." *Speight v. Presley*, 203 P.3d 173, 179 (Okla. 2008) (citing *Pellegrino v. State ex rel. Cameron University*, 63 P.3d 535, 537 (Okla. 2003)). Individuals sued in their official capacities are not proper parties under the OGTCA and are immune from suit in such capacity. *Id*.

To the extent that Plaintiff may alleged that the Defendants acted outside the scope of their employment, he has failed to allege sufficient facts to state a plausible state law civil conspiracy claim against them. The Oklahoma Supreme Court has held that:

> A civil conspiracy consists of a combination of two or more persons to do an unlawful act, or to do a lawful act by unlawful means. Unlike its criminal counterpart, civil conspiracy itself does not create liability. To be liable the conspirators must pursue an independently unlawful purpose or use an independently unlawful means. There can be no civil conspiracy where the *act* complained of and the *means employed* are lawful.

*Brock v. Thompson*, 948 P.2d 279, 294 (Okla. 1997) (emphasis in original). Furthermore, "[a] conspiracy between two or more persons to injure another is not enough; an underlying unlawful act is necessary to prevail on a claim of civil conspiracy." *Id*. at fn67 (citation omitted).

Here, the Amended Complaint is utterly devoid of any specific, non-conclusory factual allegations indicating that the Defendants conspired with the other named defendants to commit an assault and battery on the Plaintiff; to damage and destroy the Plaintiff's property; or to inflict extreme and intentional emotional distress on the Plaintiff. Rather, Plaintiff merely alleges in conclusory fashion that the allegations set forth in the Amended Complaint "represent a civil conspiracy under the law of the State

14

of Oklahoma…" (Dkt. 3, ¶ 36).   However, as discussed above, Plaintiff's conclusory allegations of a civil conspiracy are not sufficient.   In order to state a claim for civil conspiracy, "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants." *Tonkovich*, *supra*.; *see also Green*, *supra*.

Accordingly, Plaintiff has failed to state a state law civil conspiracy claim against the Defendants which is plausible on its face and said claim should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**PROPOSITION VI:**

**Defendants are Entitled to Qualified Immunity
With Regard to Plaintiff's Federal Claims**

Defendants sued in their individual capacities in an action under 42 U.S.C. § 1983 "are entitled to qualified immunity unless it is demonstrated that their conduct violated clearly established constitutional rights of which a reasonable person in their positions would have known." *Murrell v. Sch. Dist. No. 1*, 186 F.3d 1238, 1251 (10th Cir. 1999). Qualified immunity is therefore an affirmative defense that provides immunity to suit in a § 1983 action. *Adkins v. Rodriguez*, 59 F.3d 1034, 1036 (10th Cir. 1995).   Qualified immunity also extends to individuals sued under 42 U.S.C. § 1985. *Bisbee v. Bey*, 39 F.3d 1096, 1101-02 (10th Cir. 1994).   When the defense is raised, the plaintiff bears the burden to show the defendant's actions violated a constitutional right, and that the allegedly violated right was clearly established at the time of the conduct at issue.  *Mick v. Brewer*, 76 F.3d 1127, 1134 (10th Cir. 1996).   Qualified immunity is an entitlement not to stand trial or face the burdens of litigation.  *Mitchell v. Forsyth*, 472 U.S.  511, 527,

105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985). It is an immunity from suit rather than a mere defense to liability. *Id.*, 472 U.S. at 527. Qualified immunity gives ample room for mistaken judgment by protecting all but the plainly incompetent or those who knowingly violate the law. *Hunter v. Bryant*, 502 U.S. 224, 112 S.Ct 532, 537, 116 .Ed. 2d 589 (1991). The issue of qualified immunity is for the courts and not the trier of fact. *Id*.

As a threshold matter, if no constitutional right on the facts alleged would have been violated, no further inquiry is required, and the defendant is entitled to dismissal. *Saucier v. Katz*, 533 U.S. 194, 200-01, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001). If a constitutional right could be made out, then "[t]he relative, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable [official in the defendant's position] that his conduct was unlawful in the situation he confronted." *Id.* at 202; *see also Brousseau v. Haugen*, 125 S. Ct. 596, 599, 160 L. Ed. 2d 583 (2004) (emphasizing inquiry should be conducted in light of the specific context of the case.)

Here, as discussed above, Plaintiff has failed to state a plausible claim against the Defendants under 42 U.S.C. § 1983 or 42 U.S.C. § 1985. As such, the Defendants are entitled to qualified immunity in their individual capacities. *See Hinton*, 997 F.2d at 783 (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991)) (officer entitled to qualified immunity if their conduct did not violate the law). Further, it was not clearly established that the Defendants' alleged actions were a violation of the Plaintiff's constitutional rights and it would not be clear to a reasonable official in their position that the alleged conduct was unlawful in the situation he confronted.

Accordingly, Plaintiffs' § 1983 and § 1985 claims against the Defendants should be dismissed.

WHEREFORE, premises considered, Defendants Tony Almaguer, individually and in his official capacity as Sheriff of Blaine County, and David Robertson, individually and in his official capacity as Undersheriff of Blaine County, respectfully request this Court dismiss Plaintiff's claims against them with prejudice to the refilling thereof pursuant to Rule12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

Respectfully submitted,

s/ Jamison C. Whitson
Jamison C. Whitson, OBA No. 18490
COLLINS, ZORN & WAGNER, P.C.
429 N.E. 50th, Second Floor
Oklahoma City, OK  73105
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
Email:jcw@czwlaw.com

ATTORNEY FOR DEFENDANTS
TONY         ALMAGUER AND
DAVID ROBERTSON

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Mark Hammons, via electronic mail at: cheri@hammonslaw.com
HAMMONS, GOWENS, HURTS & ASSOC.
325 Dean A. McGee
Oklahoma City, OK 73102
***Attorney for Plaintiff***

s/ Jamison C. Whitson
Jamison C. Whitson

18