# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDY GAMEL-MEDLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JONITA PAULS a/k/a JONITA JACKS, | ) No. CIV-17-_830-HE |
| | ) Civil Rights Action |
| JOEL PAULS, | ) Arising in Blaine County |
| | ) |
| RENITA PAULS, | ) |
| | ) |
| MERADITH NORRIS, | ) |
| | ) |
| RICK EDSALL, | ) |
| | ) |
| KENNY MEIER, | ) |
| | ) |
| PATSY MEIER, | ) |
| | ) |
| TONY ALMAGUER, individually and in his capacity as Sheriff of Blaine County, | ) |
| | ) |
| DAVID ROBERTSON, individually and in his capacity as Undersheriff of Blaine County, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS', JONITA PAULS, JOEL PAULS, RENITA PAULS, MERADITH NORRIS, KENNY MEIER, AND PATSY MEIER, MOTION TO DISMISS AND BRIEF IN SUPPORT

COME NOW Defendants Jonita Pauls, Joel Pauls, Renita Pauls, Meradith Norris, Kenny Meier, and Patsy Meier (hereinafter, the "Moving Defendants"), by and through counsel, and hereby move this Court before the Honorable Joe Heaton of the United States District Court for the Western District of Oklahoma for an Order pursuant to Fed. R. Civ.

P. 12(b)(1) and 12(b)(6) dismissing Plaintiff's claims against the Moving Defendants in their entirety, and awarding Defendants such other and further relief as this Court deems just, equitable and proper.

In support of this Motion to Dismiss for lack of subject matter jurisdiction and failure to state claims upon which relief can be granted, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the Moving Defendants submit the following brief:

## I.     INTRODUCTION

This case arises out of Plaintiff's residence and volunteer Town Clerk position in and for the Town of Hitchcock, Oklahoma, in Blaine County. *See generally* Pl.'s Amended Compl. (Aug. 11, 2017). Plaintiff filed a five-count Amended Complaint against Defendants Jonita Pauls, Joe Pauls, Renita Pauls, Meradith Norris, Rick Edsall, Kenny Meier, Patsy Meier, Tony Almaguer, individually and in his capacity as Sheriff of Blaine County, and David Robertson, individually and in his capacity as Undersheriff of Blaine County, alleging, *inter alia*, violations of civil rights protected under the United States Constitution, addressable via 42 U.S.C. §§ 1983, 1985.

At the core of each federal claim against the Moving Defendants is a single, unifying allegation—a conspiracy by the Defendants to violate Plaintiff's civil rights. In support of such claims, Plaintiff has made outrageous allegations which are simply not grounded in actual facts.

In essence, Plaintiff's Amended Complaint is a sham pleading. Plaintiff has made allegations he knows are patently false, including alleging in Count II the Defendants devised a scheme in September 2016 to use force, violence, and intimidation to force the

Plaintiff to step down from his volunteer position as Town Clerk. In actuality, indisputable facts will show that Plaintiff was not appointed as Hitchcock's volunteer Town Clerk until April 5, 2017. *See* Exhibit 1: Plaintiff's Notice to Blaine County Election Board of Appointment as Town Clerk. Thus, Plaintiff was appointed as the volunteer Town Clerk some seven months after he alleges Defendants devised a scheme to remove him from his office.

In addition, Plaintiff alleges he brought his son to live with him in Hitchcock, Blaine County, Oklahoma, in August 2016, and it was at that point Defendants became aware Plaintiff had an African-American son. There is no truth to this statement. Plaintiff posted an advertisement in the Watonga Republican, which ran on June 29, 2016, and read, in part, as follows: "WANTED: Is there any church in Blaine County where we can worship. White, gay father with a young, black son." *See* Exhibit 2: Watonga Republican Classifieds dated June 29, 2017. Considering this publication and its circulation in Defendants' community, Plaintiff's claims regarding the timing of Defendants' awareness of the race of Plaintiff's child are unfounded.

Plaintiff further alleges Defendant Meredith Norris threatened in a town council meeting in September 2016, "What's going to happen when your house burns down and we don't send out the fire trucks?" Pl.'s Amended Compl. ¶ 8. Plaintiff appears to believe all records of the Town Council meeting, and thus corroborating proof of Norris's alleged statement, were destroyed in the fire at his residence. *See id.* at ¶ 19. However, Plaintiff is mistaken. There exist audio recordings of the relevant town council meetings. These audio recordings will establish conclusively that Meredith Norris did not make the

statement alleged-not in any form or fashion.  In fact, the only discussion whatsoever concerning availability of Hitchcock fire trucks arose in connection with Plaintiff's own vehement proposal to get rid of Hitchcock's fire trucks—Plaintiff argued that fire trucks in town were unnecessary.  Defendant Norris never threatened Plaintiff's home in any respect, and she most certainly did not, and would not, threaten Plaintiff's home upon learning Plaintiff had an African-American son, as Plaintiff scandalously suggests.

The misstatements in Plaintiff's Amended Complaint are widespread.  Nearly every allegation in the Complaint contains a false statement or unreasonable inference.  At this juncture, even taking all of the facts as true, the Amended Complaint must be dismissed as against Jonita Pauls, Joe Pauls, Renita Pauls, Meradith Norris, and Rick Edsall for failure to state a claim upon which relief can be granted and failure to plead with sufficient particularity because Plaintiff has failed to allege facts supporting his claim against Defendants, specifically Plaintiff's conspiracy claims.  Defendants now file this Motion to Dismiss all counts against the Moving Defendants pursuant to FRCP 12(b)(1) and 12(b)(6).

## II.    FACTUAL BACKGROUND

1. Plaintiff became volunteer town clerk of the town of Hitchcock, Oklahoma, in April 2017.

2. On August 11, 2017, Plaintiff filed an Amended Complaint in the Western District of Oklahoma against Defendants Jonita Pauls, Joe Pauls, Renita Pauls, Meradith Norris, Rick Edsall, Kenny Meier, Patsy Meier, Tony Almaguer, individually and in his capacity as Sheriff of Blaine County, and David Robertson, individually and in his capacity as Undersheriff of Blaine County.

3. Count 1 alleges Sheriff Almaguer and Undersheriff Robertson denied Plaintiff equal protection of the law. This Count is inapplicable to the Moving Defendants.

4. Count 2 alleges the Defendants conspired to deprive Plaintiff of his position as Town Clerk in violation of 42 U.S.C. § 1985(1).

5. Count 3 alleges Defendants conspired to deprive Plaintiff of his common rights and protections as a citizen of the United States in violation of 42 U.S.C. 1985(3).

6. Counts 4 and 5 allege only state law claims. Specifically, Count 4 alleges Defendants conspired to commit an assault and battery, damage and destroy Plaintiff's property, and inflict extreme and intentional emotional distress, and Count 5 alleges Defendants', Jonita Pauls Jacks, Joey Pauls, Renita Pauls, and Kenny Meier, actions towards Plaintiff constituted assault and battery and intentional infliction of emotional distress.

### III.   ARGUMENTS AND AUTHORITIES

**A. 42 U.S.C. § 1985(1) is Inapplicable Because Plaintiff Was Not Holding a Federal Office.**

Count II of Plaintiff's Amended Complaint alleges Defendants conspired to deprive Plaintiff of his position as volunteer Town Clerk for Hitchcock, Oklahoma. This claim fails, in part, because Plaintiff's position as volunteer Town Clerk was not protected under 42 U.S.C. § 1985(1).

Plaintiff brings a claim under § 1985(1) related to his position as volunteer Town Clerk, despite the fact that "courts have consistently held that § 1985(1) relates solely to federal officers and federal office holders." *Hunter v. Hirsig*, 14-CV-0089-F, 2015 WL

10876919, at *10 (D. Wyo. Oct. 20, 2015), aff'd, Hunter v. Hirsig, 660 Fed. Appx. 711 (10th Cir. 2016); *see also Cole v. Sharp*, 898 F. Supp. 799, 801 (D. Kan. 1995) ("An action under § 1985(1) applies only to conspiracies to interfere with officers of the United States or those about to take office.").

As recent as this month, the Honorable Judge Russell of the Western District of Oklahoma explained that "Section 1985(1) affords a private right of action against those who conspire to prevent a person from holding office under the United States." *Hines v. Allbaugh*, CIV-15-901-R, 2017 WL 3315273, at *6 (W.D. Okla. Aug. 3, 2017). His conclusion is consistent with earlier opinions and analyses out of the Western District of Oklahoma on the scope of § 1985(1). *See Hainey v. Sirmons*, CIV-07-205-C, 2008 WL 554820, at *8 (W.D. Okla. Feb. 26, 2008) (determining that § 1985(1) addresses conspiracies to prevent occupation of a federal office or discharge of a federal duty).

When no federal office is involved, a claim under Section 1985(1) will not stand. Plaintiff has not alleged Defendants conspired to prevent his occupation of a federal office. Rather, Plaintiff alleges Defendants conspired to deprive him of his position as volunteer Town Clerk. Plaintiff never held a federal office. Accordingly, these circumstances do not implicate Section 1985(1) and Plaintiff has no standing to assert a claim thereunder. Thus, Plaintiff's claim under Section 1985(1), Count II, should be dismissed with prejudice.

### B. Plaintiff Has Not Alleged Facts Sufficient to Demonstrate a Conspiracy Under 42 U.S.C. § 1985(1) or § 1985(3).

Counts II and III of Plaintiff's Amended Complaint allege that Defendants engaged in a conspiracy to deprive Plaintiff of his position as volunteer Town Clerk of Hitchcock and to deprive Plaintiff of his common rights and protections as a citizen of the United States.

With regard to federal conspiracy claims, there is voluminous case law establishing that the core elements of conspiracy must be pled with particularity. *See, e.g., O'Connor v. St. John's Coll.,* 290 Fed. Appx. 137, 141 (10th Cir. 2008) (making clear that conspiracy claims cannot stand on "vague and conclusory allegations" and instead "must be pled with some degree of specificity"). In particular, to establish a conspiracy claim under 42 U.S.C. § 1985, the complaint must allege a sequence of events "sufficient to allow a jury to infer from the circumstances that the conspirators had a meeting of the minds." *Hogan v. Winder*, 762 F.3d 1096, 1114 (10th Cir. 2014).

Plaintiffs provide only conclusory allegations against the Moving Defendants. Plaintiff's Amended Complaint merely describes actions allegedly taken or comments made by various individual defendants and asserts those actions and statements were in furtherance of, and evidence of, a conspiracy. Plaintiff's Amended Complaint fails to include any allegations regarding an agreement or plan among the defendants to violate Plaintiff's civil rights. As such, Plaintiff's allegations are inadequate to sustain federal conspiracy claims. *See Huffer v. Bogen*, 503 Fed. Appx. 455, 462 (6th Cir. 2012). Therefore, Plaintiff's conspiracy claims under § 1985 should be dismissed with prejudice.

**C. Plaintiff's state law claims should be dismissed for lack of jurisdiction.**

Counts IV and V of Plaintiff's Amended Complaint are claims under Oklahoma state law. Since Plaintiff has failed to plead a cause of action under 42 U.S.C. §§ 1985(1) or 1985(3) against the Moving Defendants, this Court does not have jurisdiction under 28 U.S.C. §§ 1331 or 1343, and should decline supplemental jurisdiction and dismiss Plaintiff's state law claims with prejudice.

### IV.   CONCLUSION

Plaintiff has failed to state claims upon which relief may be granted. Plaintiff never held an office of the United States, thus meriting the dismissal of Plaintiff's claim under 42 U.S.C. § 1985(1). In addition, Plaintiffs have failed to allege facts meeting the elements for a conspiracy to violate civil rights under 42 U.S.C. § 1985(3), so such claims must be dismissed. Further, Plaintiff's state laws are without federal question jurisdiction, and this Court should decline supplemental jurisdiction and dismiss these state law claims for lack of jurisdiction.

> Respectfully Submitted,
>
> s/Stephen Jones
> Stephen Jones
> JONES, OTJEN, DAVIS & BLOYD
> 214-A N. Independence St.
> P.O. Box 472
> Enid, OK 73702-0472
> (580) 242-5500
> (580) 242-4556 (fax)
> sjones@stephenjoneslaw.com

## CERTIFICATE OF SERVICE

  I hereby certify that on the 28th day of August, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:


Mark Hammons, OBA # 3784
Hammons, Gowens, Hurst & Assoc.
325 Dean A. McGee
Oklahoma City, OL 73102
cheri@hammonslaw.com
Attorney for Plaintiff

                *s/  Stephen Jones*
                Stephen Jones