**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

RANDY GAMEL-MEDLER,

Plaintiff,

v.

JONITA PAULS a/k/a JONITA JACKS,

JOEL PAULS,

RENITA PAULS,

MERADITH NORRIS,

RICK EDSALL,

KENNY MEIER,

PATSY MEIER,

TONY ALMAGUER, individually and his capacity as Sheriff of Blaine County,

DAVID ROBERTSON, individually.

Defendants.

No. CIV-17-830-HE
Civil Rights Action
Arising In Blaine County
JURY TRIAL DEMANDED

**SECOND AMENDED COMPLAINT**

**COMES NOW THE PLAINTIFF**, and for his cause of action, herein alleges and states as follows:

**PARTIES**

1. The Plaintiff is Randy Gamel-Medler, an adult formerly residing in Blaine County, Oklahoma.

2. The Defendants are:

A. Jonita Pauls a/k/a Jonita Jacks,

B. Joel "Joey" Pauls,

C. Renita Pauls,

D. Meradith Norris,

E. Rick Edsall,

F. Kenny Meier,

G. Patsy Meier,

H. Tony Almaguer, individually and in his capacity as Sheriff of Blaine County, and

I. David Robertson, individually.

all of whom are adult residents of Blaine County living in or around the township of Hitchcock, Oklahoma.

**JURISDICTION AND VENUE**

3. This is a cause of action for injury to Plaintiff's Fourteenth Amendment right of equal protection of the law, which injury is made actionable by 42 U.S.C. § 1983. Plaintiff also asserts a violation of 42 U.S.C. § 1985(2) in the form of a conspiracy to injure the Plaintiff in his person or property, and § 1985(3) for denial of equal protection of the law. Jurisdiction is vested over the federal actions pursuant 28 U.S.C. §§ 1331, 1343(a)(3). State law claims for assault, battery, destruction of real and personal property, outrage and intentional infliction of emotional distress arise out of the same facts giving rise to the civil rights claim, and jurisdiction is vested under 28 U.S.C. §§ 1367. Plaintiff asserts all legal theories which grow out of the facts developed in this case.

4. Defendants are located in Blaine County, and all acts complained of occurred in Blaine County. Blaine County is located within the Western District for the United States District Courts of Oklahoma, wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. At all pertinent times, Plaintiff was the Town Clerk or acting Town Clerk for the Town of Hitchcock, Oklahoma.

6. Plaintiff is a gay man with an adopted seven year old African-American son.

7. In approximately August 2016, the Plaintiff brought his African-American seven year old son to live with him in Hitchcock. It was at this point that Defendants became aware that Plaintiff had an African-American son.

8. In approximately September 2016, at a town council meeting, Meredith Norris, a trustee of the Town of Hitchcock, upon learning that Plaintiff had an African-American son, said at the town meeting in the presence of the Mayor and other Trustees, and the persons below listed: "What's going to happen when your house burns down and we don't send out the fire trucks?"

9. Plaintiff filed a police report with the former Sheriff of Blaine County, but no criminal action was commenced.

10. To Plaintiff's recollection, either before or after a Town Council meeting in April 2017, Plaintiff was asked why he was buying bunk-beds. Plaintiff answered that he and his partner were planning to adopt a family of African-American kids. Meredith Norris asked in a hostile tone why he would adopt black children instead of white children. Patsy Meier asked, also in a hostile tone, if it was that they wanted more black children in the Town. LeighAnne Risenhoover said that he and his partner were just asking for trouble. Meradith Norris asked how quickly he would be adopting, and Plaintiff responded that he thought it would be soon after Memorial day.

11. In early May 2017, the Plaintiff was performing his duties as Town Clerk in

attempting to remove an obstruction to a right of way when he was assaulted by Jonita Pauls Jacks (a convicted felon) who, while Plaintiff was in the performance of his duties, came up to Plaintiff's truck, tried to enter the truck, and when Plaintiff locked the door, started shaking the truck thus committing an assault and battery. Jonita Pauls Jacks called Plaintiff a 'f***ing queer. I'm going to grab your little boy, rip his nigger head off, and shit down his throat.'

12. Plaintiff went to the Sheriff's office to file a report. However, The Blaine County Sheriff (Tony Almaguer) refused to take a report and advised Plaintiff that Hitchcock Mayor Rick Edsall had already been in. The Deputy Sheriff said words to the effect: 'That's just how they how they are out there and it's free speech.' However, on or about June 1, 2017, the Deputy Sheriff caused criminal charges to be filed against Plaintiff for this event even though Plaintiff was the victim. In this regard, the Sheriff adopted a policy, carried out by himself and by the Undersheriff, that gay individuals and African Americans would be denied police protection in circumstances where heterosexual persons or Caucasian persons rights would be protected.

13. Plaintiff then returned to work at the Town Hall and found the parents of Jonita Pauls Jacks, Joel Pauls (who is on the Hitchcock water board) and Renita Pauls (an employee of the town of Hitchcock), who had called a deputy to file their own complaint. In the presence of the deputy sheriff, Renita Pauls said: "Which part of that is not right? You're a queer aren't you? Well, we're just going to rip your little nigger boy's head off and shit down his throat." Such action constituted an assault by those persons. Plaintiff was challenged by the Pauls saying, "Well, what are you going to do the next time?" Plaintiff said, I'll defend myself.

14. During the next few weeks, Kenny Meier, husband of Town Trustee Patsy Meier, drove his motorcycle two to three times on the road in front of Plaintiff's house, throwing gravel at the house. This was done in an effort to intimidate as well as harass the Plaintiff and his family.

15. On or about May 26, 2017, a sign was placed across from post office where Plaintiff and his son walked. The sign read: "The town clerk is a f*cking queer." The Plaintiff called the Sheriff to make a report, however the Sheriff said the sign was "free speech" and refused to take any action.

16. Later, on or about May 26, 2017, a friend of the Plaintiff's went with the Plaintiff while the Plaintiff was mowing public properties, which was a part of the Plaintiff's job. Kenny Meier drove past and "flipped off" Plaintiff and his friend, and then got in a pickup truck and ran Plaintiff's friend off the road. Kenny Meier attempted to take a gun from the friend, causing a struggle, but without any injuries. Kenny Meier ran away, and the Sheriff's office was called, with a Deputy believed to be Bob Kissimee appearing. Patsy Meier (Kenny Meier's wife) showed up and said to Plaintiff: "We haven't run you off yet?" During the conversation, Patsy admitted to the Deputy that she and Kenny had put the sign at the post office, though they had since taken it down. Deputy Kissimee stated that she and her husband just admitted to committing a hate crime and he was going to have to arrest them. Deputy Kissimee pulled Plaintiff aside and said: "These people are serious. They're going to kill you, they're going to kill your son, and they're going to burn your house down." At this point, Undersheriff Dave Robertson showed up and told Deputy Kissimee to leave. The Undersheriff told Plaintiff: "My best advice to you, is to tell you and your son to leave." The Mayor of Hitchcock (Rick Edsall) showed up, and said "this is just how they behave,

there is no reason for the Sheriff to be there."

17. Plaintiff attempted to file a police report on this incident, but the Undersheriff would not allow a report to be filed. Again, this was pursuant to the Sheriff's policy of providing unequal protection to persons based on sexual orientation or racial characteristics.

18. On May 28, 2017, Plaintiff went out to mow town park areas and had his son with him. Joel and Renita Pauls drove by him and his son twice to harass and intimidate him. Plaintiff then took his son to a neighbor's house. Late at night or possibly in the early morning of the next day, Plaintiff heard a noise in his garage, like glass breaking, and called the Sheriff's office to report a burglary. Plaintiff then saw a fire in his garage and called for the fire department. Plaintiff's residence was one block from the fire station; however, the fire department did nothing for an extended time, with the result that Plaintiff's home was burned to the ground.

19. A person believed to be the fire marshal said to the Plaintiff words to the effect: "I understand that someone threatened to burn your house down when you first moved here, and that this was in the town council minutes. I suppose the minutes were in your house." Plaintiff responded that the minutes were in his house. The fire official then responded to the effect that, "I guess that takes care of that."

20. While Plaintiff's house was burning, Patsy Meier sat on one side of the house watching, Kenny Meier was on the other side watching, Joey Pauls was in the alley watching, and the Mayor and his family were in their lawn chairs watching but not offering any aid or assistance. These actions were designed to harass and intimidate the Plaintiff.

21. A few days after Plaintiff's house had been burnt down, the Undersheriff presented criminal charges against the Plaintiff for threatening Jonita Pauls Jacks for the

incident described in Paragraphs 11 and 12, above, where it was the Plaintiff and his son who had been threatened. The Undersheriff also presented charges against the Plaintiff for, on the day while Plaintiff's house was being burnt down and during the course of the fire, allegedly threatening the entire Town of Hitchcock.

22. Upon being questioned about his actions by the press and by public interest groups, Undersheriff Robertson's response was 'You know Medler is gay, right?'

**COUNT I**

For his first cause of action, Plaintiff incorporates all prior allegations, and alleges and states as follows:

23. The above named Sheriff and Undersheriff were, at all times, officers of Blaine County acting under the color of state law.

24. The Sheriff of Blaine County is the decision maker and policymaker regarding law enforcement in Blaine County, and he is in charge of his Undersheriff and the deputies. The Sheriff's decision to deny equal protection of the criminal laws to Plaintiff was based on bias resulting from Plaintiff's sexual orientation and the race of Plaintiff's son. This policy was carried out by the Sheriff and the Undersheriff and represents the policy of Blaine County, Oklahoma.

25. Both the Sheriff and Undersheriff were aware that Plaintiff is gay and that his adopted son is black.

26. In refusing to accept reports of criminal activities against the Plaintiff and his son (Paragraphs 11-12, 15-17, 21 above), while at the same time accepting reports and initiating prosecution against the Plaintiff, the Sheriff and Undersheriff denied the Plaintiff equal protection of the law.

27. The actions of the both the Sheriff and Undersheriff were motivated by animosity toward Plaintiff's sexual orientation and by the race of his son.

28. Because the Sheriff is the official regarding law enforcement policy and decisionmaker for Blaine County, because Blaine County as a political subdivision, and because it was the actions of the Sheriff which deprived Plaintiff of equal protection of the law, Blaine County is liable for the denial of equal protection.

29. As the direct result of the actions above described, Plaintiff has suffered injuries in the form of emotional distress, fear for himself, his child, and the destruction of his home and its contents, for which Plaintiff is entitled to compensation.

30. Because the actions of Sheriff Almaguer and Undersheriff Robertson were willful or, at the least, in reckless disregard of Plaintiff's federally protected rights, both actual and punitive damages should be assessed against those Defendants individually.

**COUNT II**

For this cause of action, Plaintiff incorporates all prior allegations, and alleges and states as follows:

31. The actions of each of the Defendants were motivated by a common desire and part of a common plan and conspiracy to deny to Plaintiff and his child the equal protection of the laws, to injure him or his property for lawfully attempting to enforce his rights and those of his son to equal protection of the law.

32. Such actions were motivated by class-based hostility toward Plaintiff's sexual orientation and the race of his son as shown by the words and actions of the Defendants described above.

33. Such conspiracy and common object of the conspirators is shown by the

commonly announced object of forcing the Plaintiff to move out of town, and carried out by the acts and statements of each Defendant, described

34. These actions are contrary to 42 U.S.C. §1985(d) which makes it unlawful to:

> 3) Depriving persons of rights or privileges. If two or more persons in any State or Territory conspire. . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. . . ; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

35. As the direct result of the actions above described, Plaintiff was forced to give up his position and move away from the Town of Hitchcock. He has suffered injuries in the form of emotional distress, fear for himself and his child, and the destruction of his home and its contents, for which Plaintiff is entitled to compensation.

36. Because the actions of each Defendant was willful or, at the least, in reckless disregard of Plaintiff's federally protected rights, punitive damages should be assessed against those Defendants individually and collectively.

**COUNT III**

For this cause of action, Plaintiff incorporates all prior allegations, and alleges and states as follows:

37. The actions above described represent a civil conspiracy under the laws of the State of Oklahoma to force the Plaintiff to move himself and his child from the Town of Hitchcock due to hostility towards Plaintiff's sexual orientation and the race of his son.

38. To accomplish such objective, the Defendants engaged in concerted actions to

accomplish their goal by acts of intimidation or violence which included, as described above:

A. Committing an assault and battery on the Plaintiff;

B. Damaging and destroying the property of the Plaintiff;

C. Engaging in hate speech to incite violence against the Plaintiff and to instill fear, and

D. Inflicting extreme and intentional emotional distress on the Plaintiff by the acts described above in this Complaint.

39. As the direct result of the actions above described, Plaintiff suffered extreme emotional distress about his welfare and that of his son, suffered the loss of his house and its contents, and was placed in fear of personal harm and harm to his family.

40. Because the actions of each Defendant was willful or, at the least, in reckless disregard of Plaintiff's federally protected rights, punitive damages should be assessed against those Defendants individually and collectively.

**COUNT IV**

For this cause of action, Plaintiff incorporates all prior allegations, and alleges and states as follows:

41. The actions of Jonita Pauls Jacks, Joey Pauls, Renita Pauls described in Paragraphs 11 and 13 constitute a common law assault and the encouragement, aiding and abetting of an assault which directly caused injury to the Plaintiff for which he should be compensated.

42. The actions of Kenny Meier and Patsy Meier described in Paragraphs 14-16 constitute a common law assault and the encouragement, aiding and abetting of an assault which directly caused injury to the Plaintiff for which he should be compensated.

43. The actions of Jonita Pauls Jacks, Joey Pauls, Renita Pauls, Kenny Meier and Patsy Meier described in Paragraphs 11-16 above are outrageous conduct and constitute an intentional infliction of extreme emotional distress on the Plaintiff.

44. The actions of Jonita Pauls Jacks, Joey Pauls, Renita Pauls, Kenny Meier and Patsy Meier constitute the encouragement, instigation, aiding and abetting of the acts of harassment and assault against Plaintiff described in Paragraphs 11-18, above, such that each of those persons should be considered to be acting jointly and in concert with the others and jointly liable for the harm to Plaintiff and his property.

45. As the direct result of the actions above described, Plaintiff suffered extreme emotional distress about his welfare and that of his son, suffered the loss of his house and its contents, and was placed in fear of personal harm and harm to his family.

46. Because the actions of each Defendant was willful or, at the least, in reckless disregard of Plaintiff's federally protected rights, punitive damages should be assessed against those Defendants individually and collectively.

**PRAYER**

**WHEREFORE,** Plaintiff prays that this Court assess all damages suffered by the Plaintiff against each Defendant individually and jointly, and further that an award of punitive damages be entered against each Defendant individually and jointly. Plaintiff prays that actual damages arising from the conduct of the Sheriff in his official capacity be assessed against the County. Plaintiff prays for an award of costs, fees, and such other relief at law or in equity as may be appropriate.

**RESPECTFULLY SUBMITTED THIS 17th DAY OF OCTOBER, 2017.**

s/Mark Hammons
HAMMONS, GOWENS, HURST & ASSOC
Mark Hammons OBA # 3784
325 Dean A. McGee
Oklahoma City, OK 73102
(405) 235-6100
(405) 235-6111 (FAX)
Email: cheri@hammonslaw.com
JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED

**CERTIFICATE OF SERVICE**

A true copy of the foregoing was served by use of this Court's ECF system of filing and service to the opposing counsel below listed on this 17th day of October, 2017:

Chris J. Collins, OBA #1800
Jamison C. Whitson, OBA #18490
COLLINS, ZORN, & WAGNER, P.C.
429 N.E. 50th, Second Floor
Oklahoma City, OK 73105
Telephone: 405-524-2070
Facsimile: 405-524-2078
cjc@czwlaw.com
jcw@czwlaw.com
*Attorneys for Defendants Almaguer and Robertson*

Stephen Jones
Jones, Otjen, Davis & Bloyd
214-A North Independence
P.O. Box 472
Enid, OK 73702
Telephone: 580-242-5500
Facsimile: 580-242-4556
sjones@stephenjoneslaw.com
*Counsel for Defendants Pauls, Pauls, Pauls, Norris, Meier, and Meier*

Erica R. Mackey
Douglas J. Shelton
Shelton Walkley Mackey
7701 S. Western Ave., Suite 201
Oklahoma City, OK 73139
Telephone: 405-608-8800
Facsimile: 405-601-0677
emackey@sheltonlawok.com
dshelton@sheltonlawok.com
*Attorneys for Defendant Edsall*

s/Mark Hammons