IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RANDY GAMEL-MEDLER | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-830-HE |
| | ) | |
| JONITA PAULS a/k/a | ) | |
| JONITA JACKS, | ) | **JURY TRIAL DEMANDED** |
| JOEL PAULS, | ) | |
| RENITA PAULS, | ) | |
| MERADITH NORRIS, | ) | |
| RICK EDSALL, | ) | |
| KENNY MEIER, | ) | |
| TONY ALMAGUER, individually | ) | |
| and in his capacity as Sheriff | ) | |
| of Blaine County, | ) | |
| DAVID ROBERTSON, individually | ) | |
| and in his capacity as | ) | |
| Undersheriff of Blaine County | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## DEFENDANT RICK EDSALL'S ANSWER

COMES NOW, Defendant Rick Edsall, by and through counsel of record, and hereby submits his answer to Plaintiff's Second Amended Complaint [Doc # 21].  Edsall generally and specifically denies each and every allegation in Plaintiff's Second Amended Complaint except that which may hereinafter specifically admitted.

1. Defendant Rick Edsall ("Edsall") denies allegations in paragraphs 7, 10. 12, 16, 18, 20, and 31-40 and demands strict proof thereof.

2. Edsall admits the allegations in paragraph 6.

3. Edsall is without sufficient information to either admit or deny the allegations in paragraphs 1, 9, 11, 15, 21, and 22.

4. The allegations in paragraphs 13, 14, 17, 23-30, and 41-46 do not appear to pertain to this Defendant.  In the event these allegations do pertain to this Defendant, Edsall denies the same and demands strict proof thereof.

5. Edsall admits the allegations in paragraphs 2 and 4 as far as they pertain to this Defendant, Edsall is without sufficient information to either admit or deny the remainder of the allegations in this paragraph.

6. Edsall admits the allegations in paragraph 5 to the extent that Plaintiff was appointed Town Clerk at some point after he and his family moved to town.  Edsall denies that Plaintiff was Town Clerk from the day he moved into town.

7. Edsall admits the allegations in paragraph 8 to the extent that something resembling that statement or something similar was uttered by Ms. Norris.  However, this quote is grossly taken out of context as the statement was in response to Plaintiff's suggestion to disband the fire

department.  Edsall denies any insinuation that it was part of any "common scheme" or "plan" or that he was in any way involved in any alleged common scheme" or "plan".

## AFFIRMATIVE DEFENSES

8. Plaintiff has failed to state a claim upon which relief may be granted.

9. One or more of Plaintiff's claims are barred by the Statute of Limitations.

10. Edsall did not violate any statute or law of the State of Oklahoma or any other jurisdiction.

11. Edsall is entitled to qualified immunity in his individual capacity.

12. Plaintiff caused or contributed to his alleged injuries and damages by his behavior.

13. Plaintiff has no damages, or otherwise failed to mitigate his damages.

14. Plaintiff's state law claims are limited or otherwise barred by the Governmental Tort Claims Act ("GTCA") of the State of Oklahoma.

15. Edsall did not promulgate or allow the formation of any official custom, policy, or procedure that has an affirmative link to any alleged violation of Plaintiff's constitutional rights.

16. Edsall denies that any damages allegedly suffered by Plaintiff may have been caused or contributed to by any negligent act or omission on the part of this Defendant.

17. The acts or omissions were committed by other parties over whom Edsall had no control.

18. Plaintiff failed to plead his claims with the requisite specificity required.

19. Plaintiff's damages, if any, are limited and/or entirely barred by the Oklahoma Governmental Tort Claims Act.

20. Any award of punitive damages based upon any standard of proof less than "clear and convincing evidence" would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

21. Any award of punitive damages based upon vague and undefined standards of liability would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

22. Unclean hands.

23. Plaintiff has failed to set forth any allegations which would create a material issue of fact as to the requisite culpable state of mind of willful or reckless disregard of Plaintiff's federal protected rights.

24. Edsall is entitled to a reasonable attorney's fee.

25. Plaintiff is not entitled to any of the relief requested.

26. Edsall reserves the right to add additional Affirmative Defenses as discovery begins and progresses.

WHEREFORE, above premises considered, Defendant Rick Edsall in prays that Plaintiff takes nothing by reason of his Complaint, demands a jury trial, and prays that Plaintiff's Complaint is dismissed with his attorney's fees and costs.

Respectfully submitted,


/s/ Erica R. Mackey
Douglas J. Shelton, OBA No. 8159
Erica R. Mackey, OBA No. 32057
dshelton@sheltonlawok.com
emackey@sheltonlawok.com
Shelton Walkley Mackey
7701 S. Western Ave., Suite 201
Oklahoma City, OK 73139
(405) 605-8800 - office
(405) 601-0677 - facsimile
*Attorney for Defendant,*
*RICK EDSALL*

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:


Chris Collins
Jamison C. Whitson
COLLINS, ZORN, & WAGNER, P.C.
429 N.E. 50th, Second Floor
Oklahoma City, OK 73105
Telephone: 405-524-2070
Facsimile: 405-524-2078
cjc@czwlaw.com
jcw@czwlaw.com
Attorneys for Defendants Almaguer and Robertson

Mark Hammons
Amber Hurst
325 Dean A. McGee Avenue
Oklahoma City, OK 73102
Telephone: 405-235-6100
Facsimile: 405-235-6111
cheri@hammonslaw.com
amber@hammonslaw.com
Counsel for Plaintiff


Stephen Jones
JONES, OTJEN, DAVIS & BOND
214-A North Independence
P.O. Box 472
Enid, OK 73702
Telephone 580-242-5500
Facsimile: 580-242-4556
sjones@stephenjoneslaw.com
Counsel for Defendants Pauls, Pauls, Pauls, Norris, Meier, and Meier


/s/ Erica R. Mackey
Erica R. Mackey